[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RESPONSE TO DEFENDANT EDWARD MILLER'S MOTION FOR CLARIFICATION
On October 25, 1991, this court entered judgment on the counterclaim in this matter on which it found for the defendant Edward Miller and awarded him $1054.00 in damages.
By motion, dated November 7, 1991 Miller has filed his "Motion for Clarification". This motion refers to a stipulation between counsel on the final date of the hearing on the counterclaim, stating they "agreed that the issue of damages would be bifurcated from the trial on the counterclaim." It goes on to allege that "If as a result of the counterclaim the defendant [sic] found that there was liability on the part of New England Insurance, then damages would be determined at another date."
The motion for clarification further alleges: "In the memorandum dated October 25, 1991 issued by Judge Healey, it was stated that there was liability on the part of New England as far as the thirty (30) day period which began January 6, 1989 and ran through February 25, 1989 and said damages were assessed at Eight Hundred Hundred Hundred [sic] Fourteen ($814.00) Dollars. It is the understanding of the undersigned defendant, through his attorney, that the bifurcation agreement stated that the damages would be assessed at a future date and that the defendant Edward J. Miller has a right to determine what the actual damages were and/or loss of commissions that occurred during that final thirty (30) day period."
The court respectfully disagrees that its memorandum ". . . stated that there was liability on the part of New England as far as the thirty (30) day period which began January 6, 1989 and run through February 25, 1989. . . ." The court cannot find in its Memorandum that it so stated. It did refer to "January 6, 1989", finding that Miller's employment with New England terminated of that date." Immediately thereafter it stated that "under the written agreement and particularly Section 15 "all compensation, including commissions, if any . . . ceased. The sentence in Section 15 of the agreement (which was an exhibit) stated in its entirely "all compensation, including commissions, if any, shall cease upon termination of employment." Under Section 14 of this agreement Miller was to be paid `fifty (50%) percent of the commissions earned . . . which commission shall be paid monthly in arrears."
Miller's employment terminated on January 6, 1989. As of that date under the agreement "All compensation, including commissions, . . . shall cease upon terminating of employment." Webster's Third New International Dictionary defines "cease" to mean "to come to and end, to leave off . . . to bring to an end." Moreover, the court construes "shall" before "cease" to be mandatory. Miller had not CT Page 9436 further right to commissions (if any) after that date and the court, respectfully submits, that it so found. As to any commissions he might have been entitled up to January 6, 1989 that was quite another matter and a matter not encompassed by the stipulation counsel themselves stated. Their stipulation in this regard spoke to a period from January 5, 1989 to February 5, 1989 wherein it was indicated that if liability was found against New England for that period that would involve a large number of names and, therefore, a bifurcation on the issue of damages then would be the way to proceed. Liability, however, for that period was not found and, therefore, the stipulation of counsel was not, and is not considered binding on the court. New England's position has been that all that Miller was entitled to was $814.50, if anything. As already stated Miller was not entitled to anything on or after January 6, 1989. The court, drawing on the evidence before it, accordingly awarded him $814.50 on this branch of the case which, on the proof of damages, such as it was, from January 1, 1989 through January 6, 1989 seems fair for so long of January 1989 during which Miller was employed by New England.
Arthur H. Healey State Trial Referee
FOOTNOTE